YOU HAVE INQUIRED OF THIS OFFICE AS TO THE STATE EMPLOYEES' GRIEVANCE PROCEDURE:
 MAY A PERSON SELECTED BY A STATE EMPLOYEE TO REPRESENT HIM IN A GRIEVANCE PROCEDURE PARTICIPATE IN SUCH PROCEDURE, ORALLY AND/OR IN WRITING, AND PERFORM SUCH OTHER TASKS AS ARE TRADITIONALLY PERFORMED BY AN AGENT OR REPRESENTATIVE OF ANOTHER PERSON IN SUCH PROCEEDINGS?
74 O.S. 841.9 OF THE OKLAHOMA STATUTES PROVIDES THAT THE OFFICE OF PERSONNEL MANAGEMENT SHALL ESTABLISH A UNIFORM EMPLOYEE GRIEVANCE PROCEDURE FOR PERMANENT CLASSIFIED STATE EMPLOYEES. FURTHER, THE LEGISLATURE ALSO PROVIDED THEREIN THAT THE PROCEDURE SHALL CONTAIN:
 "3. PROCEDURE GUARANTEEING THE EMPLOYEE THE RIGHT TO BE REPRESENTED BY A PERSON OF HIS OWN CHOOSING AT EACH STEP OF THE PROCEDURE, EXCEPT THE INITIAL INFORMAL DISCUSSION WITH HIS IMMEDIATE SUPERVISOR."
PURSUANT TO THIS AUTHORITY, OPM ADOPTED MERIT RULE 7.3, STYLED UNIFORM EMPLOYEE GRIEVANCE PROCEDURE, WHICH PROVIDES A DETAILED AND COMPREHENSIVE PROCEDURE TO PROCESS EMPLOYEE GRIEVANCES. REPRESENTATION IS ADDRESSED IN MERIT RULE 7.3.7.4 AS FOLLOWS:
 "AN EMPLOYEE HAS THE RIGHT TO BE REPRESENTED BY A PERSON OF HIS OR HER CHOICE AT EACH STEP OF THE GRIEVANCE PROCEDURE EXCEPT THE INFORMAL DISCUSSION WITH HIS OR HER IMMEDIATE SUPERVISOR. THE REPRESENTATIVE MUST BE WILLING AND AVAILABLE TO SERVE."
THE EMPLOYEE IS RESPONSIBLE FOR ALL COSTS AND EXPENSES OF REPRESENTATION. A REPRESENTATIVE WHO IS AN EMPLOYEE OF THE STATE, MUST BE ON APPROVED ANNUAL LEAVE OR LEAVE WITHOUT PAY WHILE WORKING ON THE GRIEVANCE.
THE MERIT GRIEVANCE PROCEDURE IS DIVIDED INTO THREE STEP LEVELS. STEP 1 HAS TWO PARTS. FIRST, AN INFORMAL DISCUSSION BETWEEN THE EMPLOYEE AND HIS OR HER IMMEDIATE SUPERVISOR. THE STATUTE AND MERIT RULE CLEARLY PROVIDE FOR NO REPRESENTATION AT THIS FIRST LEVEL. SECOND, IF THE EMPLOYEE AND SUPERVISOR CAN NOT RESOLVE THE ISSUE THROUGH THE INFORMAL DISCUSSION, THEN THE EMPLOYEE MAY FILE A FORMAL WRITTEN GRIEVANCE WITH THE AGENCY AND THE SUPERVISOR SHALL RESPOND IN WRITING. BOTH WRITINGS ARE THEN REVIEWED BY A GRIEVANCE MANAGER, WHO SHALL RENDER A DECISION THEREON AND NOTIFY THE EMPLOYEE.
UPON THE EMPLOYEE'S FURTHER REQUEST, THE GRIEVANCE WILL PROCEED TO STEP 2. AN AGENCY SUPERVISOR OR MANAGER WILL MAKE AN IMPARTIAL REVIEW OF THE GRIEVANCE, AND DISCUSS THE MATTER WITH THE EMPLOYEE. HE SHALL ATTEMPT TO RESOLVE THE ISSUE WITHIN THE AGENCY, AND RENDER A WRITTEN DECISION OR RECOMMENDATION. AT THIS STAGE, REPRESENTATION WOULD APPEAR TECHNICALLY AVAILABLE ALTHOUGH OF LITTLE ACTUAL BENEFIT BECAUSE THE DECISION MAKER IS MERELY DISCUSSING THE MATTER WITH THE EMPLOYEE.
GRIEVANCE STEP 3 PROVIDES FOR THE FINAL AGENCY DECISION AS TO THE GRIEVANCE. THE DECISION MAKER WILL MAKE A FULL AND IMPARTIAL REVIEW OF THE GRIEVANCE. MERIT RULE 7.3.9 PROVIDES THAT AN INFORMAL MEETING MAY BE CONDUCTED BY A REVIEWER OR GROUP OF REVIEWERS. IF A MEETING IS HELD, THE GRIEVANT MUST BE GIVEN AN OPPORTUNITY TO PRESENT THE GRIEVANCE ORALLY.
MERIT RULE 7.3.9 DOES NOT REQUIRE THE STEP 3 DECISION MAKER TO CONDUCT A MEETING; AND SUCH A MEETING APPEARS TO BE AT HIS DISCRETION, UNLESS THE EMPLOYING AGENCY HAS ADOPTED A RULE OR POLICY TO REQUIRE SUCH AN INFORMAL MEETING. HOWEVER, THESE MEETINGS ARE BY THEIR NATURE INFORMAL, AND ARE NOT HEARINGS. THE GRIEVANCE PROCEDURE MAY BE CONSIDERED AS ONE FORM OF ALTERNATIVE DISPUTE RESOLUTION. THE FILING OF GRIEVANCES WITH THE AGENCY AND APPEALS WITH THE MERIT PROTECTION COMMISSION ARE SEPARATE ACTIONS, AND NOT ALL ACTIONS WHICH MAY BE GRIEVED MAY BE APPEALED TO MPC.
BLACK'S LAW DICTIONARY DEFINES THE FOLLOWING:
 "1. "REPRESENTATIVE "TO MEAN ONE WHO REPRESENTS OTHERS OR ANOTHER IN A SPECIAL CAPACITY, AS AN AGENT, AND TERM IS INTERCHANGEABLE WITH AGENT.
 2. "AGENT" MEANS A PERSON AUTHORIZED BY ANOTHER (PRINCIPAL) TO ACT FOR OR IN PLACE OF HIM; ONE INTRUSTED WITH ANOTHER'S BUSINESS."
THE LEGISLATURE HAS PROVIDED FOR THE GRIEVANT TO HAVE THE ASSISTANCE OF ANOTHER PERSON OF HIS OR HER CHOOSING. THERE ARE NO STATED REQUIREMENTS OF PROFESSIONAL STATUS OR LICENSING FOR THE REPRESENTATIVE, SUCH AS A LAWYER. TO THE UNDERSIGNED THIS APPEARS CONSISTENT WITH THE INFORMAL NATURE OF THE PROCEEDING. IT IS MY OPINION THAT TO THE EXTENT THE EMPLOYEE MAY PARTICIPATE IN STEPS 2 AND 3 OF THE GRIEVANCE PROCEDURE, THAT HE OR SHE MAY AUTHORIZE HIS OR HER REPRESENTATIVE TO ACT OR SPEAK IN HIS OR HER BEHALF. THEREFORE, WHERE MERIT RULE 7.3.9 PROVIDES FOR THE EMPLOYEE TO PRESENT HIS OR HER GRIEVANCE ORALLY, I BELIEVE THE REPRESENTATIVE MAY SPEAK FOR THE EMPLOYEE. HOWEVER, AS TO FACTUAL MATTERS TO BE RELIED UPON, IT WOULD BE REASONABLE FOR THE AGENCY TO REQUIRE THE EMPLOYEE TO STATE THE FACTS OR OTHERWISE AFFIRM THEM.
FURTHER, THERE APPEARS TO BE NO INHERENT RIGHT OF FORCED DISCOVERY IN THIS PROCESS; AND IF THERE IS A NEED FOR DISCOVERY SUCH AS DEPOSITIONS OR PRODUCTION OF DOCUMENTS, BEYOND OPEN RECORDS OF THE AGENCY, THEN OTHER FORMAL EMPLOYEE REMEDIES SHOULD BE INVOKED.
(JOHN M. CRITTENDEN)